[Civ. No. 8259.   Third Dist.   Aug. 6, 1952.]

HELEN MATTHEWS SMITH, Appellant, v. MEL McLAREN, Respondent.

Charles A. Christin for Appellant.

Hoffmann & Erickson for Respondent.

ADAMS, P. J.—On May 26, 1952, respondent filed in this court a notice of motion to dismiss the appeal of Helen Matthews Smith. Said notice was accompanied by a certificate of the clerk of the Superior Court of. Sonoma County dated March 25, 1952, in which it was set forth that notice of. appeal to this court was filed October 27, 1951; that notice to prepare the clerk's and reporter's transcripts was filed November 26, 1951; that no stipulation on agreed statement, notice. of intention to propose a settled statement, or to propose a narrative statement had been filed, and no order extending. time for preparation of the record had been filed; that on. November 6, 1951, plaintiff and cross-defendant [appellant] was duly notified to deposit fees for the preparation of the record, but that no such fees had been deposited; that no. proceeding for. the preparation of a record on appeal was pending in the superior court, and that the time to institute any such proceeeding had expired.

Affidavit of service of said notice of motion by mail was attached thereto.

On June 4, 1952, appellant filed herein a "Response to Motion to Dismiss Appeal and Motion for Relief Under Appellate Rule 53 (B)."

The matter was argued before us on June 5th and submitted.

Appellant admits that the allegations of the certificate of the clerk of the superior court are true, but in response to the motion to dismiss and in support of her motion for relief, alleges that her delay was caused by the filing by defendants in the superior court of two notices to dismiss the appeal, and a series of continuances granted thereon "thereby holding up and delaying the perfection of the appeal." She further asserts that on May 23, 1952, "never having been advised that the said motions, or either of them, had been disposed of" her counsel mailed to the county clerk a check to cover the estimated cost of preparing the record on appeal.

A certificate of the clerk of the superior court dated May 29, 1952, was attached to appellant's opposition, from which it appears that the motions in the superior court were based upon the ground that the Notice of Appeal was "irrelevant, redundant, immaterial, prejudicial, and sham," and that the moving parties were relying upon section 453 of the Code of Civil Procedure and upon the fact that appellant's notice of appeal improperly stated that it was made to this court instead of the Supreme Court, the proceedings being equitable in nature. The clerk's certificate also sets forth that in the letter with which the check to cover costs of appeal was transmitted appellant's counsel advised that:

"It is my opinion that during the pendency of these motions which sought to dismiss the appeal, all proceedings pertaining to the perfection of the appeal were stayed.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"It is apparent that to proceed with the preparation of the Reporter's and Clerk's transcripts would be futile and of no avail in the event that the Court should hold that the appeal should be dismissed."

■■ From the foregoing it is apparent that appellant filed her notice of appeal on October 27, 1951, but did not deposit the costs until May 26, 1952—a delay of seven months; and the question before us is whether appellant's counsel was justified in believing, if he did so believe, that the filing by respondent of the notices in the trial court stayed the preparation of the record on appeal, and now justifies us in excus-

ing him from failing to pay the costs of the record within the time provided by law.

We are of the opinion that we are not so justified. Counsel for appellant is a lawyer of wide and extended experience. A casual inspection by him of section 453 of the Code of Civil Procedure would have demonstrated that it was not authority for defendant's motions in the trial court, that under section 1 of the rules of court and section 4 of article VI of the Constitution of California, cited by respondent in his points and authorities filed in the trial court, appellant's statement that he was appealing to this court instead of to the Supreme Court could not and would not affect the efficacy of the notice of appeal, that the trial court was without power to strike out the notice of appeal, and that, by failing to conform to the provisions of the Rules on Appeal (Rules 4 and 5) he was jeopardizing the interests of his client and leaving the door wide open for the motion to dismiss now before us.

The appeal is dismissed.

Peek, J., and Van Dyke, J., concurred.

A petition for a rehearing was denied August 29, 1952, and appellant's petition for a hearing by the Supreme Court was denied September 25, 1952. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.